UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTHONY B. WILLIAMS, | ) | |
|     Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:04-CV-597 RM |
| FULTON COUNTY SHERIFF, *et al.*, | ) ) | |
|     Defendants | ) | |

OPINION AND ORDER

Anthony Williams is a prisoner committed to the Indiana Department of Correction. His complaint deals with events that occurred while he was confined at the Fulton County Jail. The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed several claims and defendants, and allowed Mr. Williams to proceed against the Fulton County Sheriff for damages on his claim that he was not protected from being assaulted by another inmate.

Sheriff Roy Calvert moves for summary judgment, pursuant to FED. R. CIV. P. 56, solely on the question of whether Mr. Williams exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Mr. Williams has responded to the defendants' summary judgment motion. For the reasons that follow, the court denies the defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule

> 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
>
>     . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio *Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Under 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal without prejudice of any case in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000).

In support of his summary judgment motion, Sheriff Calvert submits his own affidavit and the affidavit of Jail Commander Jeff Berlasty. Sheriff Calvert states that in March 2003, the Fulton County Jail had a grievance policy and submits a copy of that policy. Mr. Williams agrees that the jail had a grievance

policy when he was confined there. Mr. Berlasty states that he reviewed Mr. Williams's files and finds copies of only two grievances, neither of which deal with the March 10 attack on him and the events leading up to that attack.

In his affidavit, Mr. Williams states that "(o)n or about March 10, 2003, I filed a formal grievance" dealing with his having been attacked by other inmates. (Williams Affidavit at p. 3). He says the jail didn't have a locked or secured receptacle for prisoners to deposit grievances and that the prevailing practice "was for prisoners to slide their requests and grievances under the Cell Block doors, where they would presumably be retrieved and eventually acted upon by authorized Fulton County . . . Jail personel." (Williams Affidavit at p. 4). He also says the jail had no provisions known to him to make photocopies of greivances so that prisoners would have a record that they had filed greivances. When he was transferred to another jail for safekeeping, Mr. Williams states that he "presumed" it was in response to his requests and grievance.

Because Sheriff Calvert is the moving party and because he bears the burden of proving the affirmative defense of exhaustion, the court must "extract all reasonable inferences from the evidence in the light most favorable to" Mr. Williams as the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. at 586. summary judgment is not appropriate when dueling affidavits are based on personal knowledge and meet other evidentiary requirements. Payne v. Pauley, 337 F.3d 767, 773 (7th Cir. 2003).

The parties' verified statements create an unresolved question of fact as to whether Mr. Williams submitted a grievance dealing with the events that form the basis of his complaint. Mr. Williams states under oath that he did submit a

3

grievance dealing with this incident. Fulton County Jail officials cannot say definitively that Mr. Williams didn't attempt to exhaust his administrative remedies by filing a grievance; all they can say is that they cannot now find a copy of any such grievance.

If the court accepts the version of events stated in Mr. Williams's affidavit as true, as it must when dealing with Sheriff Calvert's summary judgment motion, the evidence most favorable to Mr. Williams suggests that he submitted a grievance dealing with the events that form the basis for this complaint. On the record before the court and giving Mr. Williams the benefit of the inferences to which he is entitled, the court cannot say that he did not submit a grievance dealing with the events he complains of in this case, thereby doing all that he could to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

For the foregoing reasons, the court DENIES the defendant's motion for summary judgment (docket #43).

SO ORDERED.

ENTERED: November 1, 2005

                                          /s/ Robert L. Miller, Jr.
                                          Chief Judge
                                          United States District Court